OPINION
{¶ 1} Appellant, John E. Fowler, II, appeals the decision of the Trumbull County Court of Common Pleas, Probate Division, overruling Fowler's objections and adopting the decision of the magistrate ordering the division of attorney fees. For the following reasons, we affirm the decision of the court below.
 {¶ 2} Bronsel R. Cain, Jr. was killed on April 8, 1996, when the vehicle he was occupying was struck by another vehicle operated by a City of Niles police officer. Bronsel Cain had no assets at the time of his death. On April 19, 1996, attorney Curtis J. Ambrosy opened an estate for Bronsel Cain, with his mother, Martha J. Cain, as administratrix, for the purposes of maintaining a wrongful death action.
 {¶ 3} On April 22, 1996, Martha Cain entered into a contingent fee agreement with Ambrosy and with "Theodore T. Ivanchak and Terry F. Ivanchak, Attorneys at Law." According to the terms of the agreement, Martha Cain agreed to pay the attorneys 33 1/3 % "of whatever sum may be recovered by settlement without trial." The agreement was signed by Ambrosy under the designation "AMBROSY FREDERICKA" and by Theodore and Terry Ivanchak under the designation "IVANCHAK IVANCHAK."
 {¶ 4} In January 1997, a wrongful death action was filed in the Trumbull County Court of Common Pleas denominated "Martha J. Cain, Administrator v. Kenneth A. Simpson, et al.," Case No. 97-CV-459. In 1998, the City of Niles' motion for summary judgment was overruled. For the next several years, the case was under appeal regarding the City of Niles' immunity. In January 2000, Terry Ivanchak began sitting as a Warren Municipal Court Judge. In May 2002, Theodore Ivanchak passed away.
 {¶ 5} In January 2005, trial was held on the issue of liability and the jury found against the City of Niles. Thereafter, Martha Cain settled the estate's claims against all defendants. Bronsel Cain's estate received $12,500 from the estate of Mark Simpson, the driver of the vehicle Bronsel Cain was occupying, and $215,000 from the City of Niles. Applications to Approve Settlement and Distribution of Wrongful Death and Survival Claims were duly filed by Ambrosy. Ambrosy sought reimbursement for expenses plus $76,419.16, representing one-third of the total settlement. The contingent fee agreement did not provide for the division of fees between Ambrosy and the Ivanchaks. Ambrosy proposed, based on his understanding of the agreement, that he receive one-half of the $76,419.16 and the other half be divided evenly between the estate of Theodore Ivanchak and Terry Ivanchak. Prior to the distribution of the proceeds, the court was advised that Attorney John Fowler was making a claim for part of the Ivanchaks' fees.
 {¶ 6} On June 13, 2005, a hearing was held before a magistrate on the applications to approve settlement. Fowler was not present as this hearing but was represented by counsel. At the hearing, Ambrosy testified that the Cain case was essentially a "referral" case. Ambrosy undertook the active prosecution of the case while the Ivanchaks advanced certain expenses. Generally, money for expenses was deposited in Ambrosy's trust account. The only involvement in the case by Fowler that Ambrosy could recall was that one of the expense checks was signed by Fowler.
 {¶ 7} On June 13, 2005, the probate court approved the settlement and ordered distribution of proceeds to the beneficiaries of the Cain estate. On June 17, the magistrate rendered a decision and recommendation that Ambrosy was entitled to 50% or $38,209.58 of the attorney fees. Regarding Fowler's claims, the magistrate found as follows: "It is clear that Attorney Fowler was not a party to the contingent fee agreement. It is also clear that there was no partnership or Ivanchak law firm at the time the underlying claim was settled in early 2005. The Magistrate finds that the fee shall be divided in accordance with the contingent fee agreement." Accordingly, the magistrate recommended that Terry Ivanchak receive 25% of the attorney fees or $19,104.79, and that the estate of Theodore Ivanchak receive 25% of the attorney fees or $19,104.79.
 {¶ 8} Fowler filed objections to the magistrate's decision asserting that he, as the surviving partner of the law firm of Ivanchak Fowler, effective January 1, 2000, is entitled to the attorney fees generated by the settlement of the Cain estate. On July 22, 2005, the probate court overruled Fowler's objections and adopted the magistrate's decision. This appeal timely follows.
 {¶ 9} Fowler raises the following assignment of error: "The trial court erred in awarding 25% of the legal fees to the estate of Theodore T. Ivanchak, and 25% of the legal fees to Terry Ivanchak."
 {¶ 10} In matters regarding the determination of attorney fees, the judgment of the probate court is reviewed under an abuse of discretion standard. In re Murray, 11th Dist. No. 2004-T-0030, 2005-Ohio-1892, at ¶ 21 (citations omitted).
 {¶ 11} Fowler's argument on appeal is that the fees generated by the handling of the Cain estate are the property of the former partnership of Ivanchak Fowler, which came into being on January 1, 2000, when Terry Ivanchak relinquished his interest in the partnership by taking a position on the bench. The alleged partnership of Ivanchak Fowler dissolved upon the death of Theodore Ivanchak in May 2002. The fees from the Cain estate, however, remain the property of the dissolved partnership and must be divided in proportion to the partners' individual interests in the partnership property. Accordingly, that portion of the attorney fees not paid to Ambrosy should have been awarded to Fowler and the estate of Theodore Ivanchak to be divided according to their respective interests in the alleged partnership of Ivanchak Fowler.[1]
 {¶ 12} In support of his argument, Fowler cites to R.C.1775.29, which provides that "[o]n dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed." Thus, after dissolution, the partnership continues "with respect to partnership business that must be continued in connection with the winding up of partnership affairs. * * * However viewed, contingent fee cases are partnership assets and must be treated as such whenever they may be finally completed." Collins v. Shayne (Dec. 28, 1978), 10th Dist. No. 78AP-50, 1978 Ohio App. LEXIS 10249, at *26; Seeley v.Northfield Park Assoc. (Jan. 31, 1985), 8th Dist. No. 48506, 1985 Ohio App. LEXIS 5619, at *8 ("partnership net assets belong to the partners in proportion to their respective partnership shares when a partnership ends").
 {¶ 13} Fowler has failed to prove the factual premise on which his legal theory depends; that is, Fowler has failed to prove or introduce any evidence that the handling of the Cain estate was an asset of the alleged partnership of Ivanchak 
Fowler. The contingent fee agreement entered into by Martha Cain was with attorneys Ambrosy, Theodore Ivanchak and Terry Ivanchak. The Ivanchaks signed under the designation of "IVANCHAK 
IVANCHAK" and it is uncertain what sort of business relationship existed between them. But the nature of that relationship does not matter. Ambrosy's testimony confirms that Fowler, either individually or as a member of a partnership, had nothing to do with the referral or prosecution of the wrongful death case. There is nothing substantive in the record before this court to suggest the involvement of an Ivanchak Fowler partnership. Moreover, the contingent fee agreement was entered into in 1996, over three years before Fowler claims the partnership of Ivanchak Fowler came into existence.
 {¶ 14} In the absence of evidence demonstrating the involvement of the partnership of Ivanchak Fowler and that this partnership had any proprietary interest in the estate of Cain, the probate court was well within its discretion to divide the attorney fees according to the contingent fee agreement. Fowler's assignment of error is without merit.
 {¶ 15} The judgment of the Trumbull County Court of Common Pleas, Probate Division, ordering the division of attorney fees generated by the estate of Cain, is affirmed.
O'Neill, J., O'Toole, J., concur.
[1] The respective interests of Fowler and the estate of Theodore Ivanchak are at issue in a separate case filed in probate court and denominated Estate of Theodore T. Ivanchak,Deceased, Case No. 2002 EST 1147.